FELIPE HERNÁNDEZ-MARTÍNEZ ET AL., Plaintiffs and Appellees, *v.* JOSÉ PADILLA, Defendant and Appellant.

No. 3873. Argued April 28, 1926.—Decided May 28, 1926.

*E. Martínez Avilés* for the appellant. *Luis Mercader* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Felipe Hernández Martínez on behalf of himself and of his infant son Felipe Hernández Padilla instituted a proceeding for unlawful detainer against José Padilla.

Defendant was alleged to be a tenant at will (*en precario*) and as such to be withholding the possession of two and one-half acres of land belonging to plaintiffs.

The complaint also sets forth that prior to the filing thereof Padilla had brought suit against plaintiffs herein for the recovery of the amount named in an alleged promissory note for the security of which it was claimed a lien upon the two and one-half acres in question had been given, and that the said previous case had been decided adversely to the said Padilla, defendant herein.

In addition to a denial of ownership in plaintiffs and of the precarious nature of the tenure imputed to defendant, the answer contains the following:

"New Matter of Defense: Defendant holds that he has been for more than forty years in the use and enjoyment of said parcel of land, as owner, quietly, publicly and peacefully; and that plaintiffs at no time have had, nor do they have at present, the possession of said property. And defendant further alleges that the title that plaintiffs claim to have is due to the following facts and circumstances:

"The mother of defendant José Padilla was the owner of a property of twelve acres of land in the ward Capáez of Hatillo. She sold eight acres to José Delgado Toledo, and gave one acre to her son Manuel Padilla, which was later acquired by José Delgado; two and a half acres she gave to defendant, her son, and she remained with half an acre.

"It was agreed that José Delgado would bring a dominion proceeding of all the property, in his own name, with the condition that, upon being approved and inscribed, a deed would be executed in favor of defendant for his two and a half acres. This was done,

but, when the above referred to deed of Delgado to defendant was executed, defendant, by a mere act of confidence in his daughter Filomena Padilla Pérez, asked that the deed be executed in favor of said daughter, who was married to plaintiff Felipe Hernández Martínez, but without any selling price whatsoever, in spite of the fact that in the deed it is stated that it was sold for $150.00 that was received by defendant.

"Two or three years later Filomena Padilla Pérez became gravely sick, and it was then that defendant asked his daughter to issue a new deed in his name, to which she consented willingly, but this could not take effect because after the new deed had been written, and the notary was in the house of plaintiff and defendant, plaintiff Felipe Hernández, craftily and without reason for so doing, refused to sign.

"For the reasons stated, we pray that the complaint be dismissed, with imposition of costs to plaintiffs."

At the preliminary hearing plaintiffs tendered a decree of heirship obtained by them as sole and universal heirs of Filomena Padilla Pérez, the complaint, answer, promissory note, deed and the opinion of the court in the previous case.

The note, basis of the former suit, reads thus:

"PRIVATE DOCUMENT OF NOTE: For $300.00. Hatillo, P. R. For November 30, 1923.—I promise to pay to the order of José Padilla on November 30, 1923, with interest at 1% monthly, the sum of three hundred dollars, value received on the 16th of January, 1920. To the faithful and exact performance of this obligation I subject as a guarantee a property of my own found in the ward Capáez, municipality of Hatillo, and composed of two acres and a half, bounded on the north by José Delgado; on the south by heirs of José María Rosa; on the east by the same heirs of Rosa; and on the west by José Delgado Toledo; which property I acquired by purchase from José Delgado. I promise also to pay lawyers' fees and submit myself to the jurisdiction of a competent court. Hatillo, October 26, 1923. Filomena (her mark) Padilla. Witness on the mark: Dr. Luis Brusi. No. 162. Sworn to and subscribed before me by Filomena Padilla Pérez, of age, married, housekeeper and resident of Hatillo, whom I know personally, in Hatillo, October 26, 1923, who makes a cross because she does not know how to sign. Francisco Rodríguez Alverio, Notary Public. Filed in my office today, April 27, 1925. Manuel I. Corbet, Clerk."

The deed is the conveyance of the two and one-half acres by Delgado Toledo and wife on January 16, 1921, to Filomena Padilla, wife of Felipe Hernández, for a consideration of one hundred and fifty dollars said to have been received by the vendor from the purchaser before the date of the deed.

Felipe Hernández testified that the property in question had been acquired during the marriage; that the defendant Padilla lived thereon without paying any rent and refused to deliver possession; that witness lives in Camuy and has never lived on the land in controversy, except during the time that he spent in the house of his father-in-law, José Padilla.

José Delgado insisted that he had received the one hundred and fifty dollars mentioned in the deed and denied that on the morning of the day of the trial he had stated to Juan F. Cruz that witness would be obliged to maintain the recital contained in the deed because to state the truth, namely, that the property belonged to Padilla and was to be transferred to him but at his request had been placed in the name of his daughter, might be prejudicial to witness. This witness also denied having said to Cruz that witness had never received the one hundred and fifty dollars, specified as purchase price of the property, from Filomena Padilla nor from any one else.

Cruz took the stand and said:

"That this morning, before leaving Hatillo, in plaza, and after stepping into the automobile, José Delgado Toledo said that Padilla was right; that he knew that the property belonged to Padilla; but that he had to testify that Padilla had sold the property to Filomena, having received money for it, because the witness believed that if he testified otherwise he might be prejudiced, there being a deed that stated the contrary."

The testimony of José Casanovas Marrero is to the effect:

"That he knows, because he was present, being on that date Commissioner of Public Service or Mayor of Hatillo, that one day Filomena Padilla, being very sick, requested her husband Felipe Hernández to sign the deed by which she returned the property to

her father, because she knew that it did not belong to them; but that Hernández refused to do so."

Lorenzo Coballes Gandía says:

"That his name is as has been stated; that he is a lawyer and notary; that one day he was requested by Filomena Padilla to make a sale deed in favor of her father José Padilla; that he made the deed, and went to her home for her signature and that of her husband, but that her husband refused to sign."

The statement made by José Padilla as a witness on his own behalf follows:

"That he is the defendant in this case; that his mother had a property of twelve acres in the ward Capáez of Hatillo; that she sold eight acres to José Delgado Toledo; that she gave one acre to her son Manuel and two and a half acres to the witness; that these are the ones which are the basis of this suit; that he has lived on this property for more than forty years; that the witness consented to José Delgado's bringing a dominion proceeding of all the property so that he later might issue a deed in favor of the witness for the two and a half acres; that when José Delgado was going to deliver the deed to him witness told Delgado to transfer it to his daughter Filomena Padilla; that he did this because he had confidence in his daughter; that Felipe Hernández never lived on the property nor took possession of it; that plaintiff only lived in the house of the witness for a very short time after he married his daughter; that Felipe Hernández at present does not live there; that his daughter, before dying, wanted to transfer the property to the witness, but that his son-in-law Felipe Hernández refused to sign.

"To questions of attorney for plaintiffs, he answers:

"That it is true that he brought a suit against Felipe Hernández for a note that Filomena, his daughter, had given in his favor for the sum of $300.00; that he had attached the property of two and a half acres; that his daughter owed him that money because he had lent it to her from money which he received from his son who was in Cuba; that he knew that his daughter was married when he told Toledo to transfer the deed to her.

"Answering to questions of his attorney, and with a view to explain why it was that, although he knew that that property was his yet he attached it as if it belonged to the heirs of Filomena Padilla, he says:

''That he did so because he knew that Felipe Hernández had a right in the property by virtue of the deed that had been executed, for Hernández had refused to sign before his wife died, the deed by which the property was returned to him, and now that the witness had the note he chose that means so as to prevent Hernández from saying later that he had a right to the property.''

The question of estoppel, if any, arising out of the admission made in the previous suit, or by reason of other acts or conduct on the part of Padilla, as well as the genuineness and authenticity of the note for three hundred dollars, if involved, and the probative value of the testimony for defendant herein, are matters that can better be determined in a revendicatory action.

We are not prepared, at this time to say that the claim of ownership set up by defendant is without any color of right or title. And if there be any evidence to support such a claim, the question of title can not be tried in a proceeding for unlawful detainer. See also *Correa* v. *Correa*, 32 P.R.R. 254.

The judgment appealed from must be reversed and the complaint dismissed, without special award of costs.